IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS DENIUS,** | : | |
| **Plaintiff,** | : | **Case No. 2:04-CV-408** |
| v. | : | **Judge Holschuh** |
| **ECOLAB, INC.,** | : | **Magistrate Judge King** |
| **Defendant.** | : | |
| | : | |

**MEMORANDUM & ORDER**

Plaintiff Dennis Denius initiated this action against Defendant Ecolab, Inc. ("Ecolab") in the Common Pleas Court of Delaware County, Ohio. Plaintiff asserts claims of disability discrimination under Ohio Revised Code § 4112 and wrongful discharge in violation of the public policy of Ohio. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 as a case involving complete diversity among the parties and an amount in controversy exceeding $75,000. This matter is before the Court on Defendant's motion for judgment on the pleadings on Plaintiff's public policy claim. (Doc. # 7).

**I. Background**

Plaintiff began his employment with Defendant on March 1, 1999. (Complaint at ¶ 5). In May 2003, Plaintiff underwent knee replacement surgery for his left knee. (Id. at ¶ 6). As a result of this surgery, Plaintiff received short-term disability benefits from Defendant. (Id.). Plaintiff alleges that, on September 17, 2003, his physician released him to return to work. (Id. at ¶ 8). Plaintiff's physician advised him to avoid kneeling on his left knee, told him to minimize stooping and squatting, and stated that the use of a stool at work would allow Plaintiff to conduct

his duties at work. (Id. at ¶¶ 8-9).

Nevertheless, Defendant refused to allow Plaintiff to return to work and told Plaintiff that he could not perform his job duties due to his physical restrictions. (Id. at ¶¶ 10, 14). Defendant directed Plaintiff to apply for long-term disability benefits. (Id. at ¶ 15). Although Plaintiff applied for long-term disability benefits, his application was denied due to a determination that he was not disabled.[1] (Id. at ¶ 16).

Plaintiff states that his employment with Defendant was terminated on March 1, 2004 when Defendant informed him that another Ecolab employee would permanently assume his position.[2] (Id. at ¶ 17). In Count I of his complaint, Plaintiff alleges that Defendant violated Ohio's public policy against discrimination by terminating him. (Id. at ¶ 20). In Count II, Plaintiff claims that Defendant terminated his employment on account of his perceived disability in violation of Ohio Revised Code § 4112.02(A).

## II. Discussion

### A. Standard for Granting Judgment on the Pleadings

Defendant asks this Court to grant judgment on the pleadings in its favor regarding Plaintiff's claim of wrongful discharge in violation of Ohio's public policy. Motions for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) are

---

[1] In addition to being evaluated and cleared to return to work by his own physician, Plaintiff states that he submitted to a functional capacity evaluation ("FCE") at the request of Defendant. (Compl. at ¶ 10). Plaintiff alleges that the results of the FCE confirmed his ability to work (Id. at ¶ 11). Additionally, Dr. William Lohman, Ecolab's medical director, informed Defendant that based upon the results of the FCE, Plaintiff did not have any physical limitations that would affect his job performance. (Id. at ¶ 12).

[2] Until March 1, 2004, Plaintiff was employed as a service manager. (Compl. at ¶ 5).

2

evaluated in much the same way as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted. See E.E.O.C. v. J.H. Routh Packaging Co., 246 F.3d 850, 851 (6th Cir. 2001); Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). The purpose of a motion under either rule is to test the sufficiency of the complaint. When determining the sufficiency of a complaint, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001).

When considering a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Grindstaff, 133 F.3d at 421. However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. Id. The Court will, however, indulge all reasonable inferences that might be drawn from the pleading. See Fitzke v. Shappell, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

**B. Application**

Plaintiff generally alleges that Defendant violated the public policy of Ohio as expressed in the Ohio anti-discrimination laws by terminating him due to a perceived disability. Thus, Plaintiff appears to base his public policy claim on a violation of Ohio Revised Code § 4112.02, which provides in relevant part:

It shall be an unlawful discriminatory practice:

> (A) For any employer, because of ... disability ... to discharge without just cause ... or otherwise discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to

employment.

Ohio Revised Code § 4112.02(A).  Moreover, Ohio Revised Code § 4112.99 provides that "[w]hoever violates [§ 4112.02] ... is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

Defendant argues that Plaintiff's public policy claim is without merit because Ohio law does not recognize a cause of action for a violation of public policy "based upon violation of a statute which includes a comprehensive remedial scheme."  (Motion to Dismiss at 3).  In other words, Defendant asserts that Plaintiff cannot maintain a claim for a violation of Ohio's public policy when a statute exists which can adequately protect that public policy.

The Ohio Supreme Court first recognized an exception to the employment at will doctrine[3] for terminations which violate public policy in Greeley v. Miami Valley Maintenance Contractors, Inc., 49 Ohio St. 3d 228, 235 (1990).  In order to prevail on such a claim ("Greeley claim"), Plaintiff must establish:

>   (1) a clear public policy manifested in the Ohio or United States Constitutions, a statute or administrative regulation, or in the common law (the "clarity element");
>
>   (2) that the dismissal of employees under similar circumstances would jeopardize the public policy (the "jeopardy element");

---

[3]Under the common law doctrine of employment at will, employment of a person hired for an indefinite period is "terminable at the will of either the employee or the employer . . . a discharge without cause does not give rise to an action for damages."  Wiles v. Medina Auto Parts, 96 Ohio St. 3d 240, 241 (2002) (citing Collins v. Rizkana, 73 Ohio St. 3d 65, 67 (1995)). However, the right to terminate employees at any time is not absolute.  Fawcett v. G.C. Murphy & Co., 46 Ohio St. 2d 245, 249 (1976).  Employers cannot terminate employees for unlawful reasons.  Cavin v. Honda of Am. Mfg., Inc., 138 F. Supp. 2d 987, 990 (S.D. Ohio 2001) (citing Mers v. Dispatch Printing Co., 19 Ohio St. 3d 100, 103 (1985)), rev'd on other grounds, 346 F.3d 713 (6th Cir. 2003).

>  (3) that the discharge was motivated by conduct related to the public polity (the "causation element"); and
>
>  (4) that the employer lacked a legitimate overriding business justification for the plaintiff's discharge (the "overriding justification element").

Collins v. Rizkana, 73 Ohio St. 3d 65, 69-70 (1995) (citation omitted). The clarity and jeopardy elements are questions of law for the court to determine, while the causation and overriding justification elements are questions of fact. Id., at 70.

Defendant asserts that the jeopardy element of Plaintiff's Greeley claim cannot be met because Ohio Revised Code § 4112 provides a remedy to Plaintiff that adequately protects Ohio's policy against disability discrimination.[4] (Defendant's Memorandum in Reply at 5). As was noted *supra*, Plaintiff's Greeley claim appears to be based on Ohio Revised Code § 4112.02, and, pursuant to that statute, "[w]hoever violates [§ 4112.02] is subject to a civil action for damages, injunctive relief, or any other appropriate relief." Ohio Revised Code § 4112.99.

When analyzing the jeopardy element of a Greeley claim that is based upon a statute, the issue is whether the remedies under the statute are adequate "to fully compensate an aggrieved employee who is discharged . . . in violation of the statute." Kulch v. Structural Fibers, Inc., 78 Ohio St. 3d 134, 155 (1997). When a statute adequately protects society's interest as expressed in the statute, the public policy is not jeopardized by the absence of a recognized action for wrongful discharge. Wiles v. Medina Auto Parts, 96 Ohio St. 3d 240, 244 (2002).

The Ohio Supreme Court has further explained that "'the issue of adequacy of remedies' becomes a particularly important component of the jeopardy analysis" when a statute is the

---

[4] Defendant does not challenge any of the other three elements of Plaintiff's Greeley claim.

5

source of the public policy in a plaintiff's Greeley claim and that statute provides both rights and remedies to the plaintiff for its breach. Wiles, 96 Ohio St. 3d at 244 (quoting Collins, 73 Ohio St. 3d at 73). Thus, the issue in this case is whether the absence of a Greeley claim based on Ohio Revised Code § 4112.02 would seriously compromise the statutory objectives of § 4112.02.

Plaintiff argues that Kulch and Mercuiro v. Honeywell, No. C-1-02-275, 2003 WL 966287 (S.D. Ohio March 5, 2003), support his position that his Greeley claim survives Defendant's motion for judgment on the pleadings. In Mercurio, the court held that Wiles did not preclude a plaintiff from bringing an action for wrongful discharge in violation of the public policy against age discrimination. Mercurio, 2003 WL 966287, at *3. Mercurio is distinguishable from the present case as the plaintiff Mercurio based his Greeley claim on Ohio Revised Code § 4112.14.[5] Mercurio, 2003 WL 966287 at *1. Unlike § 4112.02, which is at issue in this case, the remedies available for a violation of § 4112.14 are limited.[6] Id. at *3.

---

[5]Section 4112.14(A) states:

No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

[6]The Mercurio court noted:

Section 4112.14 provides only for reimbursement to the plaintiff for the costs of the action, including reasonable attorney's fees, or reinstatement of the plaintiff in his former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and reimbursement of the costs of the action including attorney's fees.

Mercurio, 2003 WL 966287, at *3. Moreover, a person cannot maintain an action under both § 4112.14 and § 4112.02 for the same alleged acts of age discrimination. Ohio Revised Code

6

Moreover, Plaintiff's reliance upon Kulch is misplaced. The Ohio Supreme Court in Kulch recognized a claim for wrongful discharge in violation of the public policy embodied in Ohio's Whistleblower Statute, Ohio Revised Code § 4113.52. Id. at 162. As Plaintiff notes, the Ohio Supreme Court came to this conclusion only after it concluded that the remedies available under § 4113.52 were "not sufficient to provide the complete relief that would otherwise be available in a Greeley-based cause of action for the tort of wrongful discharge." Id. at 157. Thus, under Kulch, a plaintiff is not entitled to bring a Greeley claim unless the remedies provided by the statute upon which the Greeley claim is based are insufficient. In the instant case, Plaintiff has not explained nor does this Court perceive how the remedies available under § 4112.02 are insufficient to provide complete relief.[7]

Finally, Plaintiff relies upon White v. Honda of America Manufacturing, Inc., 191 F. Supp. 2d 933 (S.D. Ohio 2002), for his position that a Greeley claim is available. (Plaintiff's Memorandum Contra at 4-5). In White, the court held that the plaintiff was not precluded from maintaining an action for wrongful discharge in violation of Ohio's public policy against disability discrimination as manifested in Ohio Revised Code § 4112.02. Id. at 954.

In rendering its decision, the court in White relied upon Kulch and Livingston v. Hillside

---

§ 4112.14(B).

[7] Instead, Plaintiff appears to rely on an argument that there is no evidence that the Ohio legislature intended the statutory remedies in § 4112 to be the exclusive means of vindicating the statute's policy against discrimination. The Ohio Supreme Court has recognized that a Greeley claim is available only where: (1) the remedies provided by a statute are not sufficient to provide complete relief, and (2) the legislature did not intend the statutory remedies to be the exclusive means of vindicating the statute's policy. Wiles, 96 Ohio St.3d at 248, n.4 (citing Kulch, 78 Ohio St.3d at 157-160). Plaintiff's argument only addresses the second element; Plaintiff has not directly addressed the adequacy of the remedies provided by § 4112.

7

Rehabilitation Hospital, 79 Ohio St. 3d 249 (1997).  Id. at 953-54.  In Livingston, the Supreme Court of Ohio, without opinion and on the authority of Kulch, reversed the appellate court's determination that the plaintiff could not bring a Greeley claim based on a violation of the public policy against age discrimination.  Livingston, 79 Ohio St. 3d at 249.  The court in White concluded that "the Ohio Supreme Court indicated its intent to apply the Kulch holding to a claim of age discrimination under [Ohio Revised Code] § 4112.02, the same statute at issue here."  White, 191 F. Supp. 2d at 954.

White, however, was decided before the Supreme Court of Ohio decided Wiles.  In Wiles, the plaintiff initiated an action for wrongful discharge in violation of the public policy as expressed in the Family and Medical Leave Act ("FMLA").  Wiles, 96 Ohio St.3d at 241-42.  The Ohio Supreme Court held that there is no need to recognize an action for wrongful discharge in violation of public policy when a statute exists that adequately protects that public policy.  Id. at 244.  The Ohio Supreme Court then noted that the FMLA contained a "comprehensive remedial scheme designed to compensate an employee for his or her employer's violation of the Act" and held that, therefore, there could be no Greeley claim based on a violation of the FMLA.  Id. at 244-45.

Following Wiles, several Ohio Courts of Appeals have specifically held that a Greeley claim is unavailable for alleged violations of Ohio Revised Code § 4112.  For instance, in Barlowe v. AAAA Int'l Driving Sch., Inc., No. 19794, 2003 WL 22429543, at *7-8 (Montgomery Cty. Ct. App. Oct. 24, 2003), the plaintiff asserted a claim for wrongful discharge in violation of Ohio's public policy against disability discrimination.  The court, following Wiles, held that the trial court properly dismissed the plaintiff's Greeley claim because "the

8

remedies provided by [Ohio Revised Code §] 4112.99 provide broad relief which is sufficiently comprehensive to vindicate the policy goals set forth in that statute." Barlowe 2003 Wl 22429543, at *8. See also Lewis v. Fairview Hospital, 156 Ohio App. 3d 387 (Cuyahoga Cty. Ct. App. 2004) (finding that § 4112.99 contains remedies that adequately compensate an aggrieved employee for a violation of Ohio's discrimination laws); James v. Delphi Auto. Sys., No. 04AP-215, 2004 WL 2307825, at *9 (Franklin Cty. Ct. App. Oct. 14, 2004) (holding that remedies available in § 4112.99 "are sufficient to provide complete relief").

Similarly, in Carrasco v. NOAMTC, Inc., No. 03-4229, 2004 WL 2756838, at *7 (6th Cir. Dec. 1, 2004), the United States Court of Appeals for the Sixth Circuit affirmed the district court's dismissal of the plaintiff's claim of wrongful discharge in violation of Ohio's public policy because the remedies available under both Title VII and Ohio Revised Code § 4112 protected society's interests.

Section 4112.02 of the Ohio Revised Code provides a substantive right to Plaintiff and Ohio Revised Code § 4112.99 provides remedies for any breach thereof. The Wiles decision and the many courts that have followed its analysis indicate that the remedies provided by Ohio Revised Code § 4112.99 adequately protect an Ohio citizen's right to be free from employment discrimination. Thus, this Court cannot conclude that the public policy of Ohio would be in jeopardy if Plaintiff's Greeley claim was not recognized. Therefore, because Plaintiff has failed to establish the jeopardy element of his Greeley claim, Defendant is entitled to judgment on the pleadings with respect to that claim.

**WHEREUPON**, Defendant's motion for judgment on the pleadings (Doc. # 7) is **GRANTED**.  Plaintiff's claim of wrongful discharge asserted in Count I of the complaint is **DISMISSED** with prejudice.  Plaintiff's claim of age discrimination under Ohio Revised Code § 4112, asserted in Count II of the complaint, remains pending.

**IT IS SO ORDERED.**

April 18, 2005                                                                  /s/ John D. Holschuh
                                                                                   John D. Holschuh, Judge
                                                                                  United States District Court